COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Annunziata and
      Bumgardner
Argued at Alexandria, Virginia


RAY LYNN KNOTT

                                   MEMORANDUM OPINION* BY
v.    Record No. 0983-97-4      JUDGE RUDOLPH BUMGARDNER, III
                                       APRIL 21, 1998
BONNIE LOU PAINTER (KNOTT)


              FROM THE CIRCUIT COURT OF PAGE COUNTY
               Joshua L. Robinson, Judge Designate

          Arthur L. Goff (Robert O. Goff; Robert O.
          Goff, P.C., on brief), for appellant.

          Rodger L. Smith (Rodger L. Smith, P.C., on
          brief), for appellee.


      Ray Lynn Knott was found in contempt of court for failure to

pay his former wife $5,000 as provided in their property

settlement agreement.  Knott appeals arguing that the provision

was neither alimony nor child support and, therefore, could not

be enforced by contempt.  We find that the provision could be

enforced by contempt and affirm the trial court.

      The parties entered a property settlement agreement that the

trial court affirmed, ratified, approved, and incorporated by

reference into the final decree of divorce.  The decree ordered

the parties to comply with the terms of the agreement.  The

parties had no children, and the property settlement agreement

waived spousal support but did provide that the husband would pay

      *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

$5,000 to the wife.  Knott was to pay this amount in periodic payments of $150 per month.  He was to begin the payments August 20, 1993.  At the time of the contempt hearing, April 1, 1997, he had made no payments.

Knott argues that the $5,000 obligation was a simple debt and neither child support nor spousal support.  Thus, he argues, it cannot be enforced under Code § 20-109.1 by contempt.  He contends it can only be enforced as a civil money judgment.  We disagree.

> Code § 20-109.1 provides in pertinent part:
>     Any court may affirm, ratify and incorporate by reference in its decree . . . of divorce . . . any valid agreement between the parties, . . ., concerning . . ., <u>or establishing or imposing any other condition or consideration, monetary or nonmonetary</u>. Where the court affirms, ratifies and incorporates by reference in its decree such agreement or provision thereof, it shall be deemed for all purposes to be a term of the decree, and enforceable in the same manner as any provision of such decree.

(Emphasis added).

The purpose of the statute is to encourage the voluntary settlement of property, custody and support matters.  To facilitate enforcement of the terms of an incorporated agreement, the court may use its contempt power.  <u>See</u> <u>Morris v. Morris</u>, 216 Va. 457, 219 S.E.2d 864 (1975).  By using the provisions of Code § 20-109.1, the parties invoked the same authority of the court to enforce its decrees that they would have invoked to enforce an equitable distribution decree pursuant to Code § 20-107.3.  There

is no reason to allow a court to enforce its division of the marital estate by contempt but not allow it to enforce a similar division simply because the method used to resolve the dispute was negotiation rather than litigation.

Finding that the trial court had authority to enforce the provision of the property settlement agreement by its contempt power, we affirm.

<u>Affirmed.</u>